UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANIEL A. COLLINS, JR. (#247846)            CIVIL ACTION

VERSUS

BURL CAIN, WARDEN                            NO. 10-0721-JJB-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 22nd day of November, 2010.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANIEL A. COLLINS, JR. (#247846)                    CIVIL ACTION

VERSUS

BURL CAIN, WARDEN                                   NO. 10-0721-JJB-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Daniel A. Collins, Jr., challenges his convictions and sentences, entered in 2006 in the Eighteenth Judicial District Court for the Parish of Pointe Coupee, State of Louisiana, upon a plea of guilty to aggravated escape, unauthorized use of a moveable and simple robbery. He challenges the resulting consecutive sentences, totaling 27 years in confinement, asserting that (1) he was denied due process because the reviewing courts have failed to address his claim that his convictions for aggravated escape and simple robbery violate his right not to be subjected to double jeopardy, (2) his convictions violate the double jeopardy clause of the United States Constitution, (3) he was denied effective assistance of counsel by reason of his attorney's failure to move to quash the bill of information on double jeopardy grounds, and (4) the consecutive sentences violate his right not to be subjected to cruel and unusual punishment.

The petitioner's case has taken a somewhat tortuous procedural path through the state courts. It appears that in November, 2001, he was charged by bill of information with having choked a security officer at the Pointe Coupee Parish Jail on September 3, 2001, until the security officer lost consciousness, with having then taken the officer's wallet and keys (to both the jail and to the officer's vehicle), and with having fled in the officer's vehicle. The petitioner was initially charged with four separate counts: aggravated escape, aggravated battery, unauthorized use of

a moveable, and armed robbery. In July, 2002, however, he entered into a plea agreement with the State, pursuant to which he pled guilty to one count each of aggravated escape, unauthorized use of a moveable, and armed robbery. In exchange, the State apparently agreed to dismiss the count of aggravated battery and agreed not to charge the petitioner as a multiple offender. The petitioner was thereafter sentenced, on September 3, 2002, to 10 years in confinement on the aggravated escape charge (to run consecutively to any other sentence), 10 years in confinement on the unauthorized use of a moveable charge (to run concurrently with any other sentence), and 99 years in confinement on the armed robbery charge (to run consecutively to any other sentence). A subsequent motion for reconsideration was denied.

The petitioner thereafter filed an application for post-conviction relief in the state trial seeking leave to file an out-of-time appeal. Although this application was initially denied in the district court on October 10, 2003, an out-of-time appeal was subsequently granted after the Louisiana Court of Appeal for the First Circuit remanded for an evidentiary hearing to determine the petitioner's entitlement thereto. Thereafter, on appeal to the First Circuit, the petitioner's convictions and sentences were vacated and remanded, on May 6, 2005, upon a finding by the appellate court that the petitioner had been provided with ineffective assistance of counsel because of his trial attorney's apparent confusion regarding the availability of good-time and the petitioner's eligibility for parole consideration. See State v. Collins, 903 So.2d 23 (La. App. 1st Cir. 2005).

Upon remand to the state district court for re-trial, the State amended the bill of information to change the armed robbery charge from aggravated to simple robbery, and on September 11, 2006, the petitioner again pled guilty, this time to aggravated escape, unauthorized use of a moveable, and simple robbery, with the State again apparently agreeing to dismiss the aggravated battery charge and to refrain from charging the petitioner as a multiple offender. The petitioner was thereafter sentenced to 10 years in confinement on the aggravated escape charge, 10 years in confinement on the unauthorized use of a moveable charge, and 7 years in confinement on the

simple robbery charge, with these sentences to be served consecutively.

The petitioner thereafter filed a motion for leave to appeal the referenced convictions and sentences, which motion was granted by the trial judge. However, when the petitioner's appointed counsel subsequently advised the petitioner that she had discovered no appealable issues and that she planned to file an appellate brief to that effect, the petitioner voluntarily withdrew his appeal by motion filed in January, 2007.

More than a year later, in August, 2008, the petitioner filed a second application for post-conviction relief in the state court through retained counsel. In this application, the petitioner asserted the issues now raised in this proceeding. Upon denial of this application in December, 2008, the petitioner sought supervisory review in the Louisiana appellate courts, and these applications were denied, on July 9, 2009, and September 24, 2010, respectively. See State ex rel. Collins v. State, ___ So.2d ___, 2010 WL 3986866 (Sept. 24, 2020, La.).

Finally, on October 20, 2010, the petitioner filed the instant habeas corpus proceeding in this Court. Based upon the foregoing, the Court concludes that the application is untimely.[1]

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This statute provides, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

---

[1] A district court is permitted to consider, sua sponte, the timeliness of a state prisoner's habeas corpus petition. Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006). Although this Court does not have before it the certified state court record, the Court is relying upon affirmative statements made by the petitioner in his pleadings as well as upon excerpts from the state court record which the petitioner has appended to his application.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this sub-section.

28 U.S.C. § 2244(d)(1) and (2). To be considered "properly filed" for purposes of §2244, an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), citing Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

In the instant case, the petitioner's convictions became final in January, 2007, when he dismissed his direct appeal in the Louisiana Court of Appeal for the First Circuit. Pretermitting consideration of any other time periods, it appears that the petitioner then waited more than nineteen (19) months before filing an application for post-conviction relief in the state trial court.[2] Accordingly, it is clear that more than one year elapsed during which the petitioner did not have pending any properly filed applications for post-conviction or other collateral relief in the state courts. His petition in this Court, therefore, is time-barred pursuant to § 2244(d) and must be dismissed.

Further, although this Court has the power to equitably toll the statute of limitations in exceptional circumstances, Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), this Court finds no

---

[2] The Court notes that there is another timeliness gap apparent in the petitioner's pleadings which the Court need not address. Specifically it appears that the petitioner's application for supervisory review before the Louisiana Supreme Court in connection with his post-conviction review was filed late inasmuch as the decision of the intermediate appellate court was issued on August 7, 2009, and the petitioner and his attorney admittedly did not place their application for supervisory review, addressed to the Louisiana Supreme Court, into the mail until September 9, 2009. Inasmuch as Rule X of the Uniform Rules of the Louisiana Supreme Court provides that an application must be filed within thirty (30) days of the mailing of the notice of judgment, and inasmuch as the petitioner apparently did not meet this deadline, his application for review in the Louisiana Supreme Court would not be considered "properly filed" and therefore not pending for purposes of time computation. See Butler v. Cain, 533 F.3d 314 (5th Cir. 2008).

compelling reason to recommend tolling in this case. Accordingly, the Court finds that the petitioner is not entitled to equitable tolling of the limitations period.

### RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be dismissed as untimely and as barred by procedural default.

Baton Rouge, Louisiana, this 22nd day of November, 2010.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE